The People of Puerto Rico, Plaintiff and Appellee, *v.* Ramón Olivera Rivera, Defendant and Appellant.

No. 8017.   Argued April 25, 1940.—Decided May 20, 1940.

*E. Rivera Zayas* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Ramón Olivera Rivera was charged by the district attorney for the District Court of San Juan with the offense of attempt to kill.   The jury convicted him of assault to commit

manslaughter and the court sentenced him to one year in the penitentiary at hard labor. The present is an appeal taken by the defendant from the above judgment.

■ The first error assigned refers to the weighing of the evidence by the jury. Let us see the evidence for the prosecution. On October 24, 1938, Amalio Lugo Gutiérrez, the injured person, was working as porter in a coffeehouse of this city known as "El Gato Negro." About 2 a.m. on said day the defendant entered the said coffeehouse in a drunken condition, without a coat and his shirt's tails hanging out. Lugo informed him that in such condition he could not stay in the café and the defendant got so mad about it that Antonio Carrasco Carvajal, then owner of the establishment, had to order his employees to put him out, and this Lugo did with the help of another employee of the establishment. Half an hour afterwards defendant returned, and this time David Cintrón, a police corporal, ordered him to leave the place. Defendant complied with this order accompanied by a reporter by the name of Mariotta who interceded for him. After the establishment was closed about 2.30 a.m., Lugo went to another restaurant of this city known as "La Cafetera," and he had just finished eating some sandwiches and taking coffee in the company of two friends, when defendant arrived at the place just as Lugo was leaving. Defendant spoke to Lugo in a despective manner, whereupon he drew a revolver and fired twice at him and wounded in the leg and on the right-hand side of his thorax. In spite of the shots Lugo was able to flee and was afterwards taken to the Municipal Hospital. At the place of the accident Lugo's friends attacked and disarmed the defendant who had to be taken also to a first-aid station.

The evidence brought by the defendant is congruent with that of the district attorney except as to defendant being drunk when visiting "El Gato Negro," and except also as to there being no provocation on the part of Lugo for what took place at "La Cafetera."

Be it what it may, the jury resolved the conflict in the evidence by giving credence to the witnesses for the prosecution. And as the evidence brought by such witnesses is sufficient, in our judgment, to sustain the verdict of the jury, it is our duty to uphold and respect said verdict.

■■ The second error assigned by the defendant is that the verdict is invalid because of its failure to show the real findings of the jury as the result of their deliberations.

The incident to which this assignment refers does not appear from the record. It does appear from an order of the court denying a motion for a new trial filed by defendant that, after deliberating, the jury brought in a verdict of "guilty of committing manslaughter," and upon the judge noticing that said verdict lacked the word "assault," he asked the jury whether they meant to convict the defendant of the offense of assault with intent to commit manslaughter to which the jury answered affirmatively in open court.

Although it is apparent that the verdict is irregular, it is not, however, so ambiguous, as claimed by defendant, as to prevent ascertaining the real finding reached by the jury in its deliberations. The court instructed the jury as to an attempt to kill, assault to commit manslaughter, and aggravated assault and battery, so that the verdict brought in left no doubt in one's mind that the offense of which the defendant was convicted was no other than that of "assault to commit manslaughter."

It is suggested by defendant that the judge ought to have acted in accordance with section 288 of the Code of Criminal Procedure and to have instructed "again the jury so that the latter might retire to deliberate and bring in the verdict resulting from their own findings . . . ." Even if we conceded that this was a case "in which the jury has mistaken the law,"—which we would not dare to say without a careful study that is unnecessary—and, therefore, application could be made of the section invoked, it does not appear that the judge disregarded its provisions. The latter asked

them "..... whether they meant to convict the defendant of assault to commit manslaughter, and they answered affirmatively. The question was repeated after introducing the word 'assault' and they answered likewise affirmatively ..." There was nothing to prevent the jury from deliberating, if deliberation and then a decision was necessary, in the very court room. Section 267 of the Code of Criminal Procedure.

In *People* v. *Souffront*, 30 P.R.R. 101, the information charged the offense of attempt to kill. The verdict of the jury stated "guilty of frustrated manslaughter." The court instructed again the jury who went back to deliberate and brought in a verdict of guilty of assault with intent to kill. This court held that the original verdict expressed clearly the mind of the jury and that the mistake was simply one of words.

In *People* v. *Paz*, 12 P.R.R. 98, the jury brought in a verdict convicting the defendant "of the crime of accomplice to voluntary manslaughter." The verdict having been challenged on the ground that it failed to include the word "guilty," it was held by this court that the omission of such word is not a fundamental defect which impairs the substantial rights of the defendant, when the verdict is so clearly worded as to leave no room for doubt.

In *People* v. *Asencio*, 16 P.R.R. 337, the verdict read as follows:

"We, the jury, and in its behalf the undersigned foreman, find the defendants, Carlos María Asencio, guilty in the second degree, and Francisco Vélez not guilty of the crime of arson. Mayagüez, January 19, 1910. (Signed) J. Picó, Foreman of the Jury."

It was contended in this court that such verdict failed to convict the defendant of any crime. It was held:

"But if the entire verdict be read, the conclusion will be reached, that, although it lacks clearness, this defect is not of such a nature as to imply the nullity of the document. There is no doubt whatsoever as to the decision of the jury. The words 'of the crime of arson' refer both to Francisco Vélez and to Carlos María Asencio,

and said words, coupled with those previously expressed, show that the jury found Carlos María Asencio guilty of the crime of arson in the second degree."

The second error assigned is also without merit.

■ The third error assigned does not deserve careful consideration. It is therein maintained that the crime of assault to commit manslaughter of which the defendant was convicted is not included within that of attempt to kill with which he was charged.

In *People* v. *Cartagena,* 54 P.R.R. 827, 841, it was stated as follows:

"The tenth assignment of error, the last which we consider, states thus:

" 'The lower court committed error in instructing the members of the jury as regard to the different verdicts which they might bring.'

"In arguing this assignment of error the defense alleges that the court, taking in consideration the evidence in this case, should not have given instructions in regard to assault to commit homicide. In this case the indictment is for an attempt to kill. The accused alleged self-defense and at the same time provocation on the part of the person against whom he fired. In such circumstances it is undoubted that an instruction in regard to voluntary homicide should be given, since if Gerónimo Colón had died, from the evidence there would have been sufficient basis to uphold a verdict of voluntary homicide. But since he did not die, the jury could bring a verdict of assault with intent to commit homicide. But no matter what the rule is, the question is academic since the jury brought a verdict of aggravated assault and battery and the accused could in no way have been prejudiced by the instructions in regard to assault with the intent to commit homicide, since the jury concluded that said crime had not been committed.

"Since the errors assigned by the appellant do not exist, the appeal should be dismissed and the judgment appealed from affirmed."

Previously, in *People* v. *Alvarado,* 49 P.R.R. 410, 416, in a prosecution for attempt to kill, this court expressed itself as follows:

"An analysis of the whole evidence introduced by the prosecution and by the defendant really shows that the latter used a deadly

weapon to assault Raspaldo, whether he did so with intent to commit murder or manslaughter or to do bodily harm, or in self-defense, and hence the proper verdict would have been either of assault with intent to kill, of assault with intent to commit manslaughter, of aggravated assault, or of not guilty, and the trial court should have confined its instructions to those verdicts.''

This third assignment, therefore, must likewise he held to be without merit.

By virtue of the foregoing, the judgment appealed from must be affirmed.